# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 08-1051

———————

Jack D. Rhoads, II,

      Appellant,

     v.

Kansas City Life Insurance
Company,

      Appellee.

\* Appeal from the United States
\* District Court for the Western
\* District of Missouri.
\*
\* [UNPUBLISHED]

———————

Submitted: June 13, 2008
Filed: July 14, 2008

———————

Before MELLOY, ARNOLD, and BENTON, Circuit Judges.

———————

PER CURIAM.

Jack D. Rhoads, II, appeals from the district court's[1] grant of summary judgment against him in his suit against Kansas City Life Insurance Company in which he claimed to be disabled because of a visual condition involving posterior vitreous of the retina, commonly known as "floaters," in both eyes. *See* ERISA, 29 U.S.C. § 1132(a)(1)(B). After initially approving his claim, KCLIC, the administrator for Mr. Rhoads's benefits plan, determined that Mr. Rhoads was in fact not disabled. This

———————

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

decision found ample support in the reports of two ophthalmologists and an optometrist who concluded that Mr. Rhoads was able to perform the material and substantial duties of his occupation.

Mr. Rhoads's appeal relies heavily on a later report by Mr. Rhoads's treating ophthalmologist that a job modification would enable him to work with his impediment. But Mr. Rhoads reads too much into the statement. His ophthalmologist never revised her previous opinion that he was not disabled; and KCLIC quite reasonably took her statement to mean that Mr. Rhoads's job might be easier for him if it was changed, not that he was unable to do the job. After a *de novo* consideration of the record, *see Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), we agree with this conclusion and thus affirm.

_____